Kiernan Ringgenberg
California Bar No. 208600
Caryl L. Boies (Of Counsel)
George F. Carpinello (Of Counsel)
**Boies, Schiller & Flexner, LLP**
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
E-mail: kringgenbert@bsfllp.com
Additional Counsel Listed on Signature Page

**NOTE CHANGES MADE BY THE COURT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MAURICIO MINA,

  Plaintiff,

  v.

DELTA INTERNATIONAL MACHINERY CORP., PENTAIR, INC., THE BLACK & DECKER CORPORATION, and BLACK & DECKER (U.S.) INC.,

  Defendants.

CASE NO.: 2:09-CV-03907 DMG (PJWx)

*Under Seal Filings governed by Local Rule 79-5. See changes at page 6.*

## JOINT STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by the parties, through their respective counsel, subject to the approval of the Court, the following Protective Order be entered.

### PROCEEDINGS AND INFORMATION GOVERNED

1. This Protective Order and any amendments or modifications hereto shall apply to all information, documents, and things subject to discovery in this action that are conveyed by any party, including third parties (hereinafter termed "conveying party") to another party (hereinafter termed "receiving party") in this action, including, without limitation, all portions of transcripts of

deposition testimony, exhibits, answers to interrogatories or requests for admission, documents, or things, including any excerpt, index, description, copy, summary or abstract thereof (hereafter "DISCOVERY MATERIALS").

2. "CONFIDENTIAL MATERIALS" are any DISCOVERY MATERIALS that contain trade secrets or other non-public, proprietary or business sensitive information or things including, without limitation, confidential research, development, financial, corporate, or other commercial information of the conveying party. CONFIDENTIAL MATERIALS also includes a portion of any document or court pleading that quotes from or summarizes any of the foregoing.

3. Discovery in this action may involve disclosure by a third party of its "CONFIDENTIAL" or "CONFIDENTIAL 2" documents, information or things. It is expressly contemplated and agreed that third party witnesses may invoke all provisions of this Protective Order.

4. Subject to the terms set forth below, all information produced by the conveying party shall be used by the parties receiving the information solely for the purposes of preparing for and conducting this action (including appeals), and the information shall not be used for any other purpose.

5. This Protective Order shall not restrict a party's use of its own materials that it produces in discovery.

## DESIGNATION AND USE OF CONFIDENTIAL MATERIALS

6. Each party or third person conveying DISCOVERY MATERIALS shall mark documents and things produced by it and answers to interrogatories and responses to other discovery demands deemed to be "CONFIDENTIAL" or "CONFIDENTIAL 2" with an appropriate description such as:

Mina v. Delta, Civil Action No: CV-09-3907-DMG

CONFIDENTIAL (OR CONFIDENTIAL 2) – SUBJECT TO PROTECTIVE ORDER

7. CONFIDENTIAL MATERIALS shall only be made available to:

(a) For the Plaintiff:

(1) Partners and associates of the law firm of Boies, Schiller & Flexner LLP and stenographic, clerical and paralegal employees of those attorneys whose functions require access to CONFIDENTIAL MATERIALS.

(2) Partners and associates of the law firm of Sullivan & Sullivan LLP., and stenographic, clerical and paralegal employees of those attorneys whose functions require access to CONFIDENTIAL MATERIALS.

(3) The Plaintiff or officers and employees of the receiving party, who require in good faith access to CONFIDENTIAL MATERIALS to prepare for this action.

(b) For the Defendant:

(1) Partners and associates of the Law Offices of Arthur Tuverson, and stenographic, clerical and paralegal employees of those attorneys whose functions require access to CONFIDENTIAL MATERIALS.

(2) Partners and associates of the law firm of Miles & Stockbridge P.C., and stenographic, clerical and paralegal employees of those attorneys whose functions require access to CONFIDENTIAL MATERIALS.

(3) Partners and associates of the law firm of Williams, Montgomery & John LTD., and stenographic, clerical and paralegal employees of those attorneys whose functions require access to CONFIDENTIAL MATERIALS.

(4) The Defendant or officers and employees of the conveying party whose functions require access to CONFIDENTIAL MATERIALS.

1  Substitution or change of the individuals identified in this paragraph or an increase
2  in the number of those individuals may only be made by agreement among the parties to this
3  Protective Order, subject to the approval of the Court, or by further Order of the Court.

4  8.  Notwithstanding the foregoing, the parties or their counsel may use any documents,
5  information, or things disclosed in this action for purposes of pretrial, trial or appellate
6  proceedings in any other action in which the conveying party is a defendant and where the
7  allegations concern design defects in power saws. Further, the parties or their counsel may use
8  
9  any documents, information, or things disclosed in this action which were created by or for (i) the
10 Power Tool Institute (PTI) joint venture regarding blade contact injury avoidance system for table
11 saws ("Blade Contact Joint Venture"), (ii) the PTI joint venture regarding mechanical guarding
12 systems for table saws ("Guarding Joint Venture"), or (iii) any other PTI committee, in any other
13 action in which a member of the particular PTI joint venture or committee is a defendant and
14 where the allegations concern design defects in power saws. Any such use of documents,
15 
16 information or things in any such action shall be subject to the terms and conditions of this
17 Protective Order unless and until a superseding order is entered.

18  9.  If questions put to a witness in a pretrial deposition will disclose information
19 constituting CONFIDENTIAL MATERIALS, or the answer to any question requires such
20 disclosure, or if documents to be used as exhibits during the deposition constitute such materials,
21 counsel may so notify opposing counsel, and the portion of the deposition of such witness
22 
23 containing such material shall be taken in the presence only of persons entitled to access to
24 CONFIDENTIAL MATERIALS under this Protective Order, the witness, the reporter, and
25 representatives of the conveying party. Deposition transcripts and exhibits may be designated as
26 'CONFIDENTIAL" information either during the course of the deposition or within seven
27 business days after receipt by counsel of the deposition transcript. Any portions of the deposition
28

transcripts containing information constituting CONFIDENTIAL MATERIALS and any documents used as exhibits during the deposition constituting such materials shall be bound separately. Such deposition transcripts and documents, to the extent that they are or contain CONFIDENTIAL MATERIALS, shall be available only to the persons entitled to access to CONFIDENTIAL MATERIALS under this Protective Order, to the reporter, to the witness, and to representatives of the conveying party.

10. The parties recognize that in order to assist in the preparation of their case, the receiving party may desire to utilize the service of experts or consultants, whose advice and consultation are being or will be used by such party in connection with this litigation. Counsel desiring to disclose CONFIDENTIAL MATERIALS to such experts or consultants shall first obtain a signed undertaking of each such expert or consultant who may require access to CONFIDENTIAL MATERIALS, in the form of Exhibit "A" attached hereto (the "Expert Confidentiality Pledge"). CONFIDENTIAL MATERIALS may be shown to an expert or consultant after such expert or consultant signs the Expert Confidentiality Pledge. Any and all Expert Confidentiality Pledges signed by a consultant shall be maintained by counsel, but need not be produced to opposing counsel absent an Order of Court. Any and all Expert Confidentiality Pledges signed by an expert shall be maintained by counsel, and produced to counsel for the conveying party pursuant to the paragraph below. This provision is designed to permit counsel to utilize the services of experts and consultants without first revealing the identity of those experts or consultants to opposing counsel. Under no circumstances shall certain documents designated by the conveying party as CONFIDENTIAL 2 or any of the information contained therein be released or disclosed to Stephen Gass or any agent or employee of SawStop LLC; SawStop, Inc; SD3, LLC or any of their parents, subsidiaries or affiliated companies. Plaintiff agrees to the use of the CONFIDENTIAL 2 designation without waiving its right to challenge, by way of Motion

1  filed with the Court, the designation and withholding of documents and information from Stephen
2  Gass. Plaintiff agrees to abide by such designation and withholding of information from Stephen
3  Gass unless this designation is lifted by consent or by order of the Court.

4  11.  All Expert Confidentiality Pledges shall be maintained by the receiving party's
5  counsel. When the receiving party identifies experts pursuant to Order of the Court or by
6  supplementation pursuant to Federal R. Civ. P. 26, a copy of the Expert Confidentiality Pledge
7  with respect to each expert who is identified will be produced to counsel for the conveying party
8  within ten days.

*The parties will adhere to L.R. 79-5*

9
10  12.  CONFIDENTIAL MATERIALS shall not be made public by counsel or persons
11  entitled access to CONFIDENTIAL MATERIALS under this Protective Order, unless they
12  become a part of the public record of this action, other than through conduct in breach of this
13  Protective Order, and shall not be disclosed to anyone other than this Court and the persons
14  entitled access to CONFIDENTIAL MATERIALS under this Protective Order. To the extent it is
15  necessary to file CONFIDENTIAL MATERIALS with the Court in connection with proceedings
16  in this action, such CONFIDENTIAL MATERIALS shall be filed with the Clerk of the Court,
17  together with a simultaneous sealing motion as may be required by the Court Rules, in sealed
18  envelopes prominently marked with the caption of this case, an indication of the general nature of
19  the contents, and an appropriate designation such as:
20
21
22                          CONFIDENTIAL INFORMATION
           This envelope is sealed pursuant to the _____, 2010 Joint Stipulated Protective Order
23              in this action. It contains information designated as CONFIDENTIAL or
              CONFIDENTIAL 2 and is not to be opened or the contents revealed except by
24                                    Order of the Court

25  13.  CONFIDENTIAL MATERIALS may be used in motion papers, at any motion
26  hearing, in testimony at trial, and may be offered in evidence at trial or at any motion hearing, all
27  subject to this Protective Order hereof and to any further order regarding confidentiality as this
28

LAW OFFICES OF ARTHUR W. TUVERSON
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
12011 SAN VICENTE BOULEVARD, SUITE 600
LOS ANGELES, CA 90049
TELEPHONE (310) 472-1354

Court may enter, and may be used to prepare for discovery, to conduct discovery, to prepare for trial, and to support or oppose any motion, all subject to the provisions of this Protective Order. CONFIDENTIAL MATERIALS may also be used at depositions and may be disclosed to a witness at a deposition or at trial who is an author or copy recipient of a document containing CONFIDENTIAL MATERIALS but is not a person entitled access to CONFIDENTIAL MATERIALS under this Protective Order.

## CHALLENGES TO PROTECTIVE ORDER

14. The acceptance by a party of CONFIDENTIAL MATERIALS shall not constitute an admission or concession or permit an inference that such are, in fact, confidential. This Protective Order shall not foreclose either of the parties from presenting an issue to opposing counsel, by way a meet and confer, regarding the identification of a document as confidential or, if unresolved, then moving this Court for an order that materials bearing the identifications are, in fact, not confidential. On such motion, the party asserting confidentiality shall have the burden of proving that the material in question is within the scope of protection afforded by Rule 26(c) of the Federal Rules of Civil Procedure.

15. This Protective Order shall not prevent either of the parties or any third party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing between themselves in writing, to modification of this Protective Order, subject to the approval of this Court. This Protective Order shall not preclude the parties from enforcing their rights against any other party or any third party believed to be violating their rights.

16. In the event that the parties desire to provide access to or disseminate CONFIDENTIAL MATERIALS to any person not otherwise entitled to access under this Protective Order, they may move the Court for an Order that such person be given access thereto.

In the event that the motion is granted, such person may have access to CONFIDENTIAL MATERIALS after first signing an undertaking in the form of Exhibit "A" attached hereto, a copy of which shall be forwarded promptly thereafter to opposing counsel.

(a) Upon a written request to George F. Carpinello, Esq. and/or Richard S. Sullivan, Esq. ("Plaintiffs' Counsel") seeking documents produced in discovery in any of their power saw actions pending in this Court made by a plaintiff's counsel ("Requesting Counsel") in another pending power saw action in another jurisdiction which involves allegations of a design defect in a power saw ("Other Action")[1], Plaintiffs' Counsel shall provide written notice ("Written Notice") to Arthur Tuverson, Esq. and Daniel Lanier, Esq. ("Defendants' Counsel") and shall provide Defendants' Counsel with the identification of documents, by Bates Number, that Plaintiffs' Counsel intends to produce to Requesting Counsel.

(b). When identifying documents they intend to produce to Requesting Counsel, Plaintiff's Counsel shall limit the intended production as follows: (a) the internal company documents of a particular Defendant may only be identified for production in connection with a pending case against the same Defendant; and (b) documents created by or for (i) the Power Tool Institute ("PTI") joint venture regarding a blade contact injury avoidance system for table saws ("Blade Contact Joint Venture"), (ii) the PTI joint venture regarding mechanical guarding systems for tables saws ("Guarding Joint Venture"), or (iii) any other

---

[1] Defendants, by agreeing to the term "power saw" in this order, do not waive their right to object to the production of documents if the Other Action does not involve a table saw. Defendants also reserve their right to object to the production of documents if the Other Action does not include similar allegations of design defect that are present in this action.

PTI committee, may only be identified for production in connection with a pending case in which a member of the particular PTI joint venture or committee is a Defendant.[2]

(c). Plaintiffs' Counsel shall not produce any documents to Requesting Counsel without receiving an executed copy of a stipulated protective order so ordered and entered in the Other Action that is substantially in the same form as the protective order that has been entered by this Court in these power saw actions and provides the same level of protection for documents designated Confidential or Confidential-2 and provides protection for the confidential documents that will be produced by Plaintiffs' Counsel to Requesting Counsel. A copy of such protective order shall be provided to Defendants' Counsel at the same time as the Written Notice.

(d). After reviewing the Written Notice, Plaintiffs' Counsel's designation of documents that they intend to produce, and the executed stipulation and protective order entered in the Other Action, Defendants' Counsel shall have 40 days to file a motion objecting to any such disclosure. No production of documents shall be made by Plaintiffs' Counsel to Requesting Counsel until the expiration of this 40-day period and, if such a motion is made by Defendants' Counsel, until further order of this Court.

17. Nothing in this Protective Order shall require disclosure of material which the conveying party contends is protected from disclosure by the attorney-client privilege or the work-product doctrine or of material the disclosure of which might constitute a breach of an agreement with a third party. This Protective Order shall not preclude any party from moving the Court for an order directing the disclosure of such materials.

---

[2] Defendants reserve their right to contend that the intended production in a particular action should be further limited.

18. Restrictions and obligations set forth herein relating to CONFIDENTIAL MATERIALS and to DISCOVERY MATERIALS shall not apply to any information which (i) the conveying party agrees, or the Court rules, is already public knowledge, (ii) the conveying party agrees, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, (iii) was already known to the receiving party under conditions such that its use and/or public disclosure by the receiving party would not violate some obligation to another, which knowledge is established by pre-production documentation, or (iv) has come or shall come into the receiving party's legitimate possession independently of the conveying party under conditions such that its use and/or public disclosure by the receiving party would not violate some obligation to another.

## INADVERTENT DISCLOSURE

19. If the conveying party inadvertently produces its CONFIDENTIAL or CONFIDENTIAL 2 documents, information or things without the identification as specified in this Protective Order or if any party inadvertently produces CONFIDENTIAL or CONFIDENTIAL 2 documents, information or things to a person not authorized by this Protective Order to receive such material, the party making the inadvertent disclosure shall promptly send notification of such inadvertent disclosure to the person to whom the disclosure was made and make reasonable efforts to obtain return of the CONFIDENTIAL or CONFIDENTIAL 2 documents, information or things. Upon such notice, the receiving party shall, within five business days, return or destroy all copies of the inadvertently produced material to the conveying party and provide a certification of counsel that all such inadvertently produced material has been returned or destroyed.

///

///

## DISCLOSED PROTECTED INFORMATION

20. If the conveying party discloses information subject to a claim of attorney-client privilege or attorney work product protection ("disclosed protected information"), the disclosure of the disclosed protected information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the conveying party would otherwise be entitled to assert with respect to the disclosed protected information and its subject matter.

21. The conveying party may assert in writing attorney-client privilege or work product protection with respect to disclosed protected information. The receiving party shall, within five business days of receipt of that writing, return or destroy all copies of the disclosed protected information and provide a certification of counsel that all such disclosed protected information has been returned or destroyed.

22. Within five business days of the notification that such disclosed protected information has been returned or destroyed, the conveying party shall produce a privilege log with respect to the disclosed protected information.

23. The receiving party may move the Court for an Order compelling production of the disclosed protected information (a "privilege motion"). The privilege motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

24. The conveying party retains the burden of establishing privileged or protected nature of any disclosed protected information. Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the disclosed protected information.

25. If, a trial, at a hearing, at a deposition, or on a motion, a conveying party marks for identification or offers into evidence disclosed protected information – or proffers or elicits testimonial or other evidence that incorporates or relies on disclosed protected information,

including evidence within Federal Rule of Evidence 703 – that act shall be deemed to effect a waiver and forfeiture by the conveying party of attorney-client privilege and work product protection that would otherwise apply to undisclosed information concerning the same subject matter, within Federal Rule of Evidence 502(a). The preceding sentence shall not apply to (i) proceedings to determine whether the disclosed protected information is privileged or protected or subject to discovery or disclosure, or (ii) disclosed protected information that is marked for identification, offered into evidence, or incorporated in evidence proffered or elicited by an adverse party, or relied on by a witness proffered by an adverse party.

## SUBPOENAS

26. If any person or party having possession, custody or control of any document, information or thing designated as CONFIDENTIAL or CONFIDENTIAL 2 pursuant to this Protective Order receives a subpoena or other process or order to produce the document, information or thing, the subpoenaed person or party shall, within five business days:

(i) give notification in writing of such fact to the counsel of the conveying party;

(ii) furnish such counsel with a copy of such subpoenas, process or order; and

(iii) provide reasonable cooperation to the conveying party with respect to any procedure instituted by the conveying party to protect the confidentiality of the document, information or thing, including seeking all reasonable extensions to afford the conveying party an opportunity to obtain appropriate judicial relief;

(iv) provide the conveying party reasonable time to seek appropriate judicial relief before complying with the subpoena.

27.  If the conveying party makes a motion to quash or modify the subpoena, process or order, the subpoenaed party shall not disclose, pursuant to the subpoena, process or order, any document, information or thing designated as CONFIDENTIAL or CONFIDENTIAL 2 by the conveying party except as required by an order or other process of the court having jurisdiction over the matter, and then only in accordance with such order or process.

## DISPOSITION OF DOCUMENTS AT TERMINATION OF LITIGATION

28.  After final termination of this action, each receiving party shall either return all CONFIDENTIAL MATERIALS of the conveying party in its possession, custody or control, (including confidential materials in the possession of any experts or consultants), and copies thereof to counsel for the conveying party, or shall otherwise dispose of such CONFIDENTIAL MATERIALS in a manner agreeable to both parties, except that trial counsel for the receiving party may retain court papers, trial transcripts, exhibits and attorney work-product derived from the CONFIDENTIAL MATERIALS. With respect to any such retained materials, and unless otherwise agreed to, this Protective Order shall survive the final termination of this action, except to the extent that the information in such CONFIDENTIAL MATERIALS is or becomes known to the public through no fault of the receiving party.

29.  Sealed records that have been filed with the Clerk of the Court shall be removed by the party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this Order shall be notified by the Clerk that, should they fail to remove the sealed records in accordance with this Order, the Clerk may dispose of them within thirty (30) days of the notice.

/ / /

/ / /

## VIOLATION OF ORDER

30. Any violation of this Stipulated Protective Order during the pendency of this action or thereafter shall be punishable as a contempt of court and shall be grounds for a Motion for Sanctions to be filed in the Court.

## APPROVAL BY COURT

31. The parties to this Joint Stipulated Protective Order agree that they will promptly file a joint motion for entry of this Joint Stipulated Protective Order. The parties further agree that they will tender the Joint Stipulated Protective Order to the Court to be so ordered and that, prior to approval by the Court, this Joint Stipulated Protective Order shall be effective and binding on the parties hereto as if approved by the Court.

By: /s/ Kiernan P. Ringgenberg
Caryl L. Boies (Of Counsel)
George F. Carpinello (Of Counsel)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460
E-mail: kringgenbert@bsfllp.com
*Attorneys for Plaintiff*

/s/ Richard J. Sullivan
SULLIVAN & SULLIVAN LLP
Richard J. Sullivan
40 Washington Street
Wellesley, MA 02481
(781) 263-9400
*Attorneys for Plaintiff*

/s/ Arthur W. Tuverson
LAW OFFICES OF ARTHUR W. TUVERSON
12011 San Vincente Blvd. Suite 600
Los Angeles, CA 90049
(310) 472-1354
(310) 471-1697
*Attorney for Defendants*

1  IT IS SO ORDERED
2  This  20  day of  Sept.  , 2010

                                    /s/ Patrick J. Walsh
                                    Judge, United States District Court for the
                                    District of California

**EXHIBIT A**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF _____**

_____  :
       **Plaintiff**          :
                              :
v.                            :    Civil Action No. _____
                              :
_____  :
       **Defendant**          :

**EXPERT CONFIDENTIALITY PLEDGE**

I, _____, declare that:

1.  My present address is _____
    _____.

2.  My present employer is _____
    _____ and the address of my present employer is
    _____.

3.  My present occupation or job description is _____
    _____.

4.  I have received a copy of the Protective Order in this action signed by the Court.

5.  I have carefully read and understand the provisions of the Protective Order.

6.  I will comply with all of the provisions of the Protective Order.

7.  I will hold in confidence and will not disclose to anyone not qualified under the Protective Order and will use only for purposes of this action, any CONFIDENTIAL MATERIALS which are disclosed to me. I will take appropriate steps and assume full

responsibility to assure that any other people, *e.g.*, clerical or secretarial personnel, working for me will abide by the Protective Order.

8. I will return all CONFIDENTIAL MATERIALS that come into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained when requested to do so by that counsel.

9. I declare further that I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions by the Court and that any party may assert other remedies against me. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

Executed on: _____

_____
[Signature]